# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

AMBER YBARRA,                                                                                PLAINTIFF
ADC #710487

v.                                         1:19CV00024-DPM-JTK

DENNIS MCGINNIS, III, et al.                                                             DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.     Introduction**

Plaintiff Amber Ybarra is a state inmate incarcerated at the McPherson Unit of the Arkansas Department of Correction (ADC). She filed this pro se 42 U.S.C. § 1983 action against five Defendants, alleging denial of several constitutional rights during an incident which occurred at the Unit on March 13, 2019. (Doc. No. 1) She filed an Amended Complaint on May 6, 2019. (Doc. No. 7) However, finding her too vague to determine whether she stated a constitutional claim for relief, and the Court granted her an additional thirty days in which to amend her complaint, and specifically directed her to include certain facts. (Doc. No. 8)   Plaintiff has now submitted a second Amended Complaint. (Doc. No. 11).   Having reviewed such, the Court finds that this action should be dismissed for failure to state a claim upon which relief may be granted.

**II.    Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. §

1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops

3

short of the line between possibility and plausibility of entitlement to relief." Id.

### III. Facts and Analysis

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). In her Original Complaint, Plaintiff stated Defendant McGinnis assaulted her on March 13, 2019 when he touched her while she was sleeping. (Doc. No. 1, p. 2), Plaintiff was placed in restraints in the shower in segregation for four hours and then taken to a room in segregation, where she stayed for one day before she returned to general population. (Id.) Defendant McGinnis later falsely charged Plaintiff with battery and refusing a direct order. (Id., p. 3) In the Amended Complaint, she alleged McGinnis touched her while she slept and never verbally stated his business or announced the occurrence of a shake-down. (Doc. No. 7, p. 3). She repeated the allegations of her stay in the shower and segregation and complained that her grievance was untimely returned. (Id.) She also complained about the grievance responses from Defendant Bradley and the Warden, and alleged she was treated differently from others similarly-situated. (Id., p. 5)

In the May 13, 2019 Order, the Court noted that she was not specific about the actions McGinnis took, or about her alleged equal protection and due process violations. (Doc. No. 8, pp. 2-3) The Court also noted that allegations concerning a grievance process do not state a constitutional claim for relief. (Id., p. 2) The Court then directed Plaintiff to file a short Amended Complaint setting forth one claim against the Defendants involved, and to name the parties who deprived her of her constitutional rights and provide specific facts against each Defendant,

including dates, times, and places. (Id., p. 3) In her second Amended Complaint, Plaintiff again states that McGinnis touched her while she slept while he claimed that he was gathering extra blankets, that Defendant Herrington failed to appropriately respond to her PREA complaint, that Defendant Bradley found her grievance without merit, and Defendant Lewis signed a "bogus" disciplinary. (Doc. No. 11, p. 4)

The Court finds that these allegations do not rise to the level of a constitutional violation. First, despite the Court's directions, Plaintiff never elaborated on the "touching" allegation. She did not allege that Defendant McGinnis touched her in an improper way, other than to say he touched her while removing an extra blanket while she slept. The Court finds that this does not state an Eighth Amendment constitutional claim, because she did not allege that the alleged abuse caused pain or that Defendant McGinnis acted with a sufficiently culpable state of mind. See Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997). Next, her mere placement in a shower stall for four hours and in segregation for one day, without more, do not support a due process claim. She does not allege any facts to support a finding that she was deprived of a protected liberty interest which resulted in "atypical or significant hardship ... in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). In determining whether an inmate possesses a protected liberty interest, the courts "compare the conditions to which the inmate was exposed in segregation with those he or she could expect to experience as an ordinary incident of prison life.... We do not consider the procedures used to confine the inmate in segregation." Phillips v. Norris, 320 F.3d 844, 846 (8th Cir. 2003). The courts have held that placement in administrative segregation, even without cause, is not an atypical and significant hardship. Portley-El v. Brill, 288 F.3d 1063, 1065 (8th Cir. 2002).

Next, to the extent that she complains about a false disciplinary charge, the filing of a false disciplinary charge is not itself actionable under § 1983. Dixon v. Brown, 38 F.3d 379 (8th Cir. 1994) And, as noted in the May 13, 2019 Order, allegations concerning a grievance process do not state a constitutional claim for relief. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (quoting Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982)). Finally, Plaintiff does not include any specific facts/actions by the named Defendants to support an equal protection claim.

Therefore, the Court finds that Plaintiff fails to set forth any constitutional claims for relief against any of the Defendants.

## IV.  Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaints against Defendants be DISMISSED with prejudice for Failure to state a claim.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

IT IS SO RECOMMENDED this 26th day of June, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE